NIEMEYER, Circuit Judge,
dissenting:
The facts of this case demonstrate, more likely than not, that the check issued by Young & Rubicam, drawn on Wachovia Bank, and presented to Chevy Chase Bank was an altered check, not a forged or counterfeit check. Under the Uniform Commercial Code, therefore, risk of loss by payment on the instrument must be borne by Chevy Chase Bank, and Wachovia Bank is entitled to relief against Chevy Chase Bank for breach of its presentment warranty. See Va.Code Ann. § 8.4-207.2. I believe the majority misapplies the summary judgment standard, which requires only that Wachovia create a “genuine issue as to any material fact.” Fed.R.Civ.P. 56(c).
The image of the check presented to Chevy Chase Bank contained numerous indications that it was the image of the actual check issued by Young & Rubicam but with the payee altered: (1) the number on the image agreed with the number on the check issued by Young & Rubicam; (2) the date on the image agreed with the date on the check issued by Young & Rubicam; (3) the amount of the check on the image agreed with the amount of the check issued by Young & Rubicam; (4) the machine-embossed signature of Young & Rubicam agreed with its signature on the actual checks issued contemporaneously; (5) the image had the same front-to-baek *236 alignment as other checks in the same batch as the check issued by Young & Rubicam; and (6) the image perfectly overlapped with the typographical features of other checks in the batch issued by Young & Rubicam. Additional circumstantial evidence also supports the claim that the image in question was that of the actual check issued by Young & Rubicam: (7) The actual check issued by Young & Rubicam was never returned, except in its altered form, as shown in the image. If the check presented to Chevy Chase Bank was a counterfeit check, then the original check issued by Young & Rubicam would likely have been returned in the ordinary course of banking procedures. (8) The font used in the payee’s name on the image cheek was different from the font otherwise used on the check and was consistent with alteration by typewriter. This indicates that the payee’s name was added by alteration. One counterfeiting a Young & Rubicam check would logically have used the same font type throughout, as Young & Rubicam did when it issued the check. Finally, (9) fraud by alteration of the payee was known to be the common form of fraud used to circumvent the “positive-pay” type of arrangement in place between Young & Rubicam and Wachovia Bank. Such fraud is much harder to detect during the routine, high-volume banking process than a check issued with a forged signature on counterfeit check stock.
Because I conclude that the facts presented by Wachovia make it more likely than not that the image was an image of the original check issued Young & Rubicam but altered, I would conclude, a fortiori, that Wachovia’s evidence was sufficient to create a question of fact, requiring us to deny Chevy Chase Bank’s motion for summary judgment.
The majority opinion seems to absolve Chevy Chase Bank of any need to rebut Wachovia’s evidence, permitting it rely simply on the bare assertion that the check might have been counterfeit, rather than altered. In addition, the majority enters into needless conflict with our sister circuit in the law of negotiated instruments under the Uniform Commercial Code. See Wachovia Bank, N.A. v. Foster Bancshares, Inc., 457 F.3d 619 (7th Cir.2006). This is unfortunate in an area of law where the need for national uniformity is greatest.
Accordingly, I respectfully dissent.